**Yi Mei LIN, Xue Qin Zhang & Zun Hong Zhang, Petitioners,**

v.

**Alberto R. GONZALES,[1] Attorney General, Respondent.**

**No. 04–1213–AG NAC.**

United States Court of Appeals, Second Circuit.

Jan. 4, 2006.

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft as a respondent in this case.

Thomas V. Massucci, New York, New York, for Petitioner.

Robert G. McCampbell, United States Attorney for the Western District of Oklahoma (Steven K. Mullins, Assistant United States Attorney), Oklahoma City, Oklahoma, for Respondent.

PRESENT: Hon. JON O. NEWMAN, Hon. RICHARD C. WESLEY, and Hon. PETER W. HALL, Circuit Judges.

## SUMMARY ORDER

UPON DUE CONSIDERATION of this petition for review of an order of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review be GRANTED and the case remanded to the BIA for further proceedings.

Yi Mei Lin, a native and citizen of the Fujian Province of China, petitions this Court for review of a decision of the BIA which affirmed a decision of an immigration judge ("IJ") denying Lin's application, on behalf of herself and her two children, for asylum and withholding of removal on the basis of the IJ's finding that Lin was not credible. We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal. In this appeal, Lin challenges the IJ's denial of both her asylum claim and request for withholding of removal.

When considering a BIA decision which rejects an asylum claim, "[this Court] review[s] the factual findings underlying the BIA's determinations under the substantial evidence standard." See Ramsameachire, 357 F.3d at 177 (internal quotations omitted). However, this Court has held that it cannot adequately consider whether substantial evidence supports a determination that an applicant failed to establish either past persecution or a well-founded fear of future persecution where the agency determination is based on an inaccurate perception of the record—for example, where the determination omits potentially significant facts. Tian–Yong Chen v. INS, 359 F.3d 121, 127 (2d Cir.2004). This Court also recently held that, "an IJ may rely on an inconsistency in an asylum applicant's account to find that applicant not credible—provided the inconsistency affords 'substantial evidence' in support of the adverse credibility finding—without soliciting from the applicant an explanation for the inconsistency." Majidi v. Gonzales, 430 F.3d 77, 80–81 (2d Cir.2005). "To satisfy the requirements of 'substantial evidence, it is enough that a part of an asylum applicant's account be found not credible, provided that this part bears a 'legitimate nexus' to the applicant's claim of persecution." Id. at 81–82.

First, the IJ merely speculated that another family may have posed as Lin's family to take the DNA test. Since there was no evidence in the record to support the IJ's conclusion that the test was fraudulent, the method of identifying the DNA test subjects was an improper basis for making an adverse credibility determination. See Secaida–Rosales, 331 F.3d at 307, 312. Second, because there is no indication that the evidence of Lin's sterilization was considered in the IJ's analysis, this Court cannot adequately assess whether the IJ's denial of asylum was supported by sufficient evidence. See Tian–Yong Chen, 359 F.3d at 127. Finally, because the IJ apparently based some of her findings that Lin was inconsistent on evidence not appearing in the record, namely Lin's husband's asylum application, an adverse credibility finding based on those inconsistencies is not supported by substantial evidence in the record. See Secaida–Rosales, 331 F.3d at 307.

Where, as here, an IJ relied on speculation, failed to consider all of the significant evidence, or used erroneous reasoning that was not tangential to the findings made, and the evidence supporting the IJ's findings is not so overwhelming that it was clear that he or she would reach the same results on remand, remand for further proceedings is appropriate. *Cao He Lin v. U.S. DOJ,* 428 F.3d 391, 406–07 (2d Cir. 2005). On remand, the BIA should (1) inquire as to the method used for verifying identity for the DNA tests; (2) address the issue of forced sterilization; and (3) explain how the inconsistencies and omissions in the record bear a "legitimate nexus" to Lin's claim of persecution such that they afford "substantial evidence" in support of the adverse credibility finding.

To the extent that Chen argues that the BIA abused its discretion by summarily affirming the IJ's decision, the argument is moot in light of the remand we now order.

For the foregoing reasons, the petition for review is GRANTED and the case is remanded to the BIA for further proceedings. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED. Any pending request for oral arguments is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), Second Circuit Local Rule 34(d)(1).